# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPLORER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT; and Does 1 through 10,<br><br>Defendants. | CASE NO. 18cv2389-LAB-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Dkt. No. 4]** |

Explorer Insurance Company sued the United States Bureau of Land Management. The United States now moves to dismiss. For the reasons below, the Motion is **GRANTED**, and the matter is **DISMISSED WITH PREJUDICE**.

## **BACKGROUND**

Explorer insured a driver who collided with a vehicle driven by a BLM employee on December 7, 2016. Dkt. No. 1. On January 26, 2018, Explorer filed an administrative property damage claim under the Federal Tort Claims Act ("FTCA") with the United States Department of the Interior regarding the accident. Dkt. No. 4-2 at 2-3; Dkt. No. 6 at 2. The agency denied the claim and mailed Explorer notice of denial on May 25, 2018. Dkt. No. 4-2.

Unsure whom to sue in the district court, in July 2018, Explorer's attorney asked agency counsel whether Explorer should name the United States or the BLM as a

1  defendant. Dkt. No. 6 at 4, 7-9. Agency counsel declined to provide legal advice. *Id.* at 8. On October 18, 2018, Explorer filed this lawsuit against the BLM. Dkt. No. 1. The Complaint alleges a claim for subrogation and seeks to recover $5,168.47 for damaged property. *Id.* The Complaint doesn't mention the FTCA or name the United States as a defendant, and Explorer hasn't served the United States. *Id.*; Dkt. No. 4-4; Dkt. No. 6 at 4.

The United States now moves to dismiss the matter for lack of subject matter jurisdiction under FRCP 12(b)(1) and for insufficient service of process under FRCP 4. Dkt. No. 4. Explorer opposes the Motion and seeks leave to amend to add the United States as an FTCA defendant. Dkt. No. 6.

## **DISCUSSION**

**1.  Subject Matter Jurisdiction**

Federal courts have limited jurisdiction and there is a presumption that jurisdiction is lacking unless a party proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). On a motion to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995). If lacking jurisdiction, a court must dismiss the action. FRCP 12(h)(3).

A damages suit against a federal agency is essentially a suit against the United States, and is barred by sovereign immunity unless expressly authorized by Congress. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460, n.6 (9th Cir. 1985); *Midwest Growers Co-op. Corp. v. Kirkemo*, 533 F.2d 455, 465 (9th Cir. 1976). The limitation is jurisdictional (*United States v. Mitchell*, 445 U.S. 535, 538 (1980)), and the FTCA is the exclusive remedy for tortious conduct of federal government employees (28 U.S.C. § 2679; *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998)). Here, Explorer's claim—which seeks money from the BLM for property damage allegedly caused by a BLM employee—is barred by sovereign immunity unless brought under the FTCA. *Gilbert*, 756 F.2d at 1460, n.6 ("A claim for

damages against a federal agency is barred by sovereign immunity unless Congress has consented to suit.").

Even if Explorer had properly pled an FTCA action, its claim would still be barred. 28 U.S.C. § 2401(b). In an FTCA claim for damaged property against the federal government, the only proper defendant is the United States. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (citing 28 U.S.C. § 2675(a)); *Kennedy v. U.S. Postal Serv.*, 145 F.3d at 1077, 1078 (9th Cir. 1998). Further, the FTCA requires a plaintiff to file suit no more than six months after the mailing of the denial of an administrative claim. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984); 28 U.S.C. § 2401(b). If the plaintiff doesn't meet this deadline, a tort claim against the United States is "forever barred." 28 U.S.C. § 2401(b). Although Explorer satisfied the administrative claim requirement, it failed to file its FTCA claim against the United States before the statute of limitations ran. Dkt. No. 4-2; 28 U.S.C. § 2401(b). Explorer was required to sue the United States by November 25, 2018, but mistakenly sued the BLM and then failed to amend its Complaint to add the United States as a party before the limitations period expired. Dkt. No. 1; Dkt. No. 6 at 8-9; 28 U.S.C. § 2401(b). Explorer's FTCA claim is therefore time-barred (28 U.S.C. § 2401(b)) and must be dismissed for lack of jurisdiction. 28 U.S.C. § 2679; FRCP 12(h)(3); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994) (FTCA acts as a limited waiver of the United States' sovereign immunity, which is jurisdictional in nature).

**2. Relation Back**

Explorer argues that despite its failure to name the right defendant before the limitations period expired, the Court should nonetheless grant it leave to add the United States as a party because the amended pleading would relate back to the date the action commenced. Dkt. No. 6 at 3-5; FRCP 15(c). But leave to amend is inappropriate here. Explorer acknowledges that it failed to deliver or mail the Complaint to the United States Attorney or the Attorney General before the limitations period ran. Dkt. No. 6 at 9, ¶ 9; FRCP 15(c)(2); *Miles v. Dept. of Army*, 881 F.2d 777, 782-83 (9th Cir. 1989). And, the

United States didn't otherwise receive timely notice. FRCP 15(c)(1). Although Explorer maintains that the United States was put on notice about the lawsuit when Explorer's attorney reached out to agency counsel (Dkt. No. 6 at 2, 5), this is immaterial because "[a]ctual knowledge possessed by an agency will not be imputed to the United States." *Allen*, 749 F.2d at 1389-90 ("Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c)."). Likewise, the fact that Explorer served the BLM after the statute of limitations ran on its FTCA claim makes no difference. *Id.*; Dkt. No. 5. Under these circumstances, Explorer has failed to provide a basis for the amended complaint to relate back to the date of the original pleading and may not now add the United States as a defendant.

In sum, Explorer hasn't established any basis[1] for blowing the FTCA statute of limitations. The Complaint can't be remedied by amendment, so the Court lacks jurisdiction and the action must be dismissed with prejudice. Given this disposition, the Court need not address the United States' alternate argument that the Complaint should be dismissed for insufficient service.

## **CONCLUSION**

Explorer's Complaint is **DISMISSED WITH PREJUDICE**, and the clerk is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: June 17, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] Explorer claims its counsel's failure to name the United States as a defendant was the result of a "genuine mistake" about which party to name as the defendant. Dkt. No. 6 at 3-4. This explanation falls short of the "extraordinary circumstances" necessary to support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also, Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (holding that general attorney negligence, including miscalculation of the limitations period, isn't an extraordinary circumstance warranting equitable tolling).